```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

| | |
|---|---|
| HDI GLOBAL SPECIALTY SE, | * |
|     Plaintiff/Counter-Defendant, | * |
| vs. | * |
| PF HOLDINGS, LLC, SCHOOLHOUSE ROAD ESTATES, INC., RALSTON GA, LLC, PF RALSTON, LLC, PHILIP HADLEY, and JENNIFER GLAUBIUS, | * * * |
|     Defendants/Counter-Plaintiffs, | *   CASE NO. 4:20-CV-103 (CDL) |
| vs. | * * |
| HDI GLOBAL SPECIALTY SE and NATIONAL UNION FIRE INSRANCE COMPANY OF PITTSBURGH, PA, | * * |
|     Counter-Defendants/Third-Party Defendants. | * |

O R D E R

Presently pending before the Court are Plaintiff HDI Global Specialty SE's motion to quash subpoena and the motion to compel brought by PF Holdings, LLC, Schoolhouse Road Estates, Inc., Ralston GA, LLC, PF Ralston, LLC, Philip Hadley, and Jennifer Glaubius ("Defendants"). For the reasons set forth below, Defendants' motion to compel (ECF No. 36) is granted in part and denied in part, and HDI's motion to quash subpoena (ECF No. 42) is granted in part and denied in part.

FACTUAL BACKGROUND

Jennifer Glaubius and Philip Hadley were residents at the Ralston Apartments in Columbus, Georgia. They claim that they suffered injuries caused by poor living conditions at the Ralston, which was owned, leased, and/or managed by PF Holdings, LLC, Schoolhouse Road Estates, Inc., Ralston GA, LLC, and PF Ralston, LLC ("Ralston Entities"). Glaubius and Hadley made settlement demands on the Ralston Entities for claims arising out of their living conditions. HDI Global Specialty SE, which had issued a commercial general liability insurance policy with Ralston GA, LLC and PF Ralston, LLC as the named insureds, hired Brad Wolff with the law firm of Swift Currie to represent Ralston GA and PF Ralston; HDI later hired the law firm of Huff, Powell and Bailey to represent Ralston GA and PF Ralston. HDI responded to the settlement demands with a request for more information. Glaubius and Hadley then filed lawsuits against all four Ralston Entities in the State Court of Muscogee County, Georgia. They also sent HDI and its excess carrier, National Union Fire Insurance Company, additional settlement demands, which HDI rejected via its attorney, Paul Fields of the firm Fields Howell.

PF Holdings, LLC and Schoolhouse Road Estates, Inc. assert that HDI denied them a defense even though HDI was obligated to provide one, and they retained attorney Jason Crawford to

represent them in the action.  HDI contends that it offered to assume the defense of PF Holdings and Schoolhouse Road under a reservation of rights and hired attorney David Mize of Huff Powell to represent them, but PF Holdings and Schoolhouse Road rejected the insurer's conditions.  HDI further asserts that Glaubius and Hadley agreed to arbitrate their claims against PF Holdings and Schoolhouse Road and dismissed their claims against Ralston GA and PF Ralston without prejudice.  According to HDI, Mr. Crawford represented PF Holdings and Schoolhouse Road at the arbitration, and Mr. Mize was not permitted to participate.  The arbitrator found in favor of Glaubius and Hadley on most of their claims.  The arbitrator awarded Glaubius compensatory damages in the amount of $7,000,000, attorneys' fees in the amount of $3,500,000, and punitive damages in the amount of $21,000,000.  The arbitrator awarded Hadley compensatory damages in the amount of $5,000,000, attorneys' fees in the amount of $2,500,000, and punitive damages in the amount of $15,000,000.  A state court judge confirmed the arbitrator's awards and entered judgments in favor of Glaubius and Hadley.

HDI filed this action seeking a declaration that it does not owe an obligation to Schoolhouse Road or PF Holdings in connection with the claims asserted by Glaubius and Hadley.  PF Holdings and Schoolhouse Road assigned to Glaubius and Hadley any claims they may have against HDI and National Union for

negligent or bad faith failure to settle. The Defendants filed a counterclaim against HDI for bad faith failure to settle and breach of the duty to defend, and they filed a third-party claim against National Union.

DISCUSSION

The parties' present discovery dispute centers on three categories of documents: (1) HDI's claim file, (2) Huff Powell's entire file and communications between HDI and Huff Powell, and (3) invoices from Swift Currie and Huff Powell. Most of the disputes raise issues of attorney-client privilege and work product. In this federal diversity action, state law governs the application of attorney-client privilege. Fed. R. Evid. 501. Under Georgia law, the privilege protects confidential communications between attorney and client. "[P]rivilege attaches where (1) there is an attorney-client relationship; (2) the communications in question relate to the matters on which legal advice was sought; (3) the communications have been maintained in confidence; and (4) no exceptions to privilege are applicable." *McCalla Raymer, LLC v. Foxfire Acres, Inc.*, 846 S.E.2d 404, 414 (Ga. Ct. App. 2020) (quoting *St. Simons Waterfront, LLC v. Hunter, Maclean, Exley & Dunn, P.C.*, 746 S.E.2d 98, 104 (Ga. 2013)). Work product protections are governed by Federal Rule of Civil Procedure 26(b)(3), which protects from discovery documents prepared in anticipation of

4

litigation unless the party seeking them demonstrates a substantial need for the documents and cannot obtain their substantial equivalent without undue hardship. Work product principles also protect "against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

**I.  HDI's Claim File**

Defendants seek most of HDI's claims file. Specifically, they contend that they are entitled to "everything that HDI and coverage counsel relied on in deciding to deny coverage and reject the offers to settle," plus reserves information. Joint Status Rep. 2, ECF No. 54. HDI responds that Defendants' request seeks attorney work product and communications that are otherwise subject to the attorney client privilege. It has therefore produced a redacted claim file to Defendants, which redacts communications with coverage counsel (Mr. Fields and his firm) because it is not asserting advice of counsel as an affirmative defense and does not intend to rely on advice of counsel to prove a claim or defense. Defendants maintain that HDI waived any claim of privilege as to all communications between HDI and coverage counsel. Although HDI's entire claim file, including correspondence with its attorney, may be relevant to the issues in this litigation, attorney-client

5

privilege trumps relevance, unless that privilege has been waived. Counsel for Defendants has pointed the Court to no binding authority establishing a "bad faith failure to settle exception" to this well-established principle. Furthermore, the Court reviewed Defendants' submission in support of their contention that HDI waived its privilege as to all communications between HDI and coverage counsel regarding all coverage issues, and the Court finds that there was no such waiver. Defendants did not cite another valid basis for overcoming the attorney-client privilege or well established work product protections with respect to the mental impressions, conclusions, opinions, or legal theories of HDI's attorneys and other representatives. HDI thus shall not be required to produce these documents.

In addition to redacting communications with coverage counsel, HDI also redacted insurance reserves information from its claim file. The Court finds that evidence regarding the amount of reserves set by HDI is potentially relevant in this action where the purported insured alleges that the insurer refused to provide a defense and acted in bad faith in rejecting a settlement demand. HDI did not point the Court to any binding authority establishing that this evidence is not discoverable. Accordingly, HDI shall be required to produce the reserves information but may redact any portions of the claim file that

would reveal privileged information. Based on the Court's review of the disputed documents HDI submitted for in camera inspection, discoverable reserves information is contained in document nos. HDI_0001096 to HDI_0001101, HDI_0001114, HDI_0001124 (entry #73), HDI_0001125 (entry #74), HDI_0001166, HDI_0001181 (entry #208), PRIV-HDI 1287 to 1300 (HDI may redact any privileged communications with coverage counsel).[1]

## II.  Huff Powell Documents

HDI also refused to produce communications between its employees and the lawyers at Huff Powell, claiming attorney-client privilege and work product. Defendants contend that these documents comprise the Huff Powell file for the Ralston Entities and that they are entitled to the documents because they were clients of Huff Powell and they can waive any privilege as to the files that were produced as part of that attorney-client relationship. Based on the Court's review of the present record, HDI hired Huff Powell in early March 2020 to counsel HDI and to represent the Ralston Entities in the state court actions. Later that month, HDI informed Schoolhouse Road

---

[1] The Court notes that the demands of Glaubius and Hadley were rejected on February 24, 2020, so the reserve information after that date, which is included in HDI_0001186, HDI_0001187, HDI_0001190 (entry nos. 225, 226, 227), and PRIV-HDI 1301 to 1309 (HDI may redact any privileged communications with coverage counsel), will likely be inadmissible at trial. Nevertheless, the Court finds it appropriate to order the production of this reserve information given the possibility that the post demand rejection reserves could be tied back to the company's rejection of the demand.

and PF Holdings that HDI agreed to provide them a defense subject to a reservation of rights. Then, Glaubius and Hadley dismissed Ralston GA and PF Ralston from the state court actions. After Ralston GA and PF Ralston were dismissed from the state court action, PF Holdings and Schoolhouse Road rejected HDI's conditions for the defense. HDI filed this declaratory judgment action on May 14, 2020; shortly after that, PF Holdings and Schoolhouse Road proceeded to arbitration with their own privately hired counsel. Huff Powell continued to provide counsel to HDI after May 14, 2020.

It is clear that after May 14, 2020 Huff Powell represented only HDI. And Defendants did not point the Court to any evidence that HDI waived any privilege for communications between HDI and Huff Powell after May 14, 2020. Therefore, any communications between HDI and its lawyer, Huff Powell, after May 14, 2020 are protected by attorney-client privilege.

As to communications between HDI and Huff Powell prior to May 14, 2020, the Court finds that Defendants are entitled to communications that relate to the claims against Defendants that HDI had hired Huff Powell to defend. During that timeframe, Huff Powell represented the Defendants, albeit under a reservation of rights. It had an undivided duty of loyalty to the Defendants. *See, e.g., Paul v. Smith, Gambrell & Russell*, 599 S.E.2d 206, 209 (Ga. Ct. App. 2004) ("It is a proud hallmark

8

of the legal profession that an attorney owes undivided loyalty to his client—undiluted by conflicting or contrariant obligations, and undiminished by interests of himself or of others."). And Defendants, as Huff Powell's clients, have the right to see the correspondence related to the claims against them that Huff Powell was defending. The fact that some of that correspondence may have been shared only with HDI does not shield it from Huff Powell's other client, the Defendants. Accordingly, those communications shall be produced. Based on the Court's review of the disputed documents HDI submitted for in camera inspection, those documents are: PRIV-HDI 0805 to PRIV-HDI 812, PRIV-HDI0897 to PRIV-HDI0899.

**III. Defense Counsel Invoices**

In addition to the previously discussed Huff Powell documents, Defendants seek the invoices from defense counsel at Swift Currie and Huff Powell. HDI contends that these invoices are not discoverable but did not provide any authority for this position. In general, information concerning payment of attorney's fees is not privileged, although an invoice that would reveal privileged information may be redacted. *See, e.g., In re Grand Jury Proc. 88-9 (MIA)*, 899 F.2d 1039, 1044 (11th Cir. 1990). Accordingly, HDI shall produce the Swift Currie and Huff Powell invoices, though it may redact any portions that would reveal privileged information. Based on the Court's

review of the disputed documents HDI submitted for in camera inspection, those are document nos. PRIV-HDI 1543 to PRIV-HDI 1564, PRIV-HDI 1574 to PRIV-HDI 1578, PRIV-HDI 1598.

## CONCLUSION

Defendants' motion to compel (ECF No. 36) is granted in part and denied in part to the extent set forth above, and HDI's motion to quash subpoena (ECF No. 42) is granted in part and denied in part to the extent set forth above. Should HDI contend that any of the documents the Court ordered it to produce should be produced subject to a confidentiality protective order, it should work with Defendants' counsel to propose an appropriate order.

IT IS SO ORDERED, this 13th day of May, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA